IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WARREN McCOY, #179302, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-627-WHA |
| ) | [WO] |
| ) | |
| BOARD OF PARDONS and PAROLES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Warren McCoy ["McCoy"], an indigent state inmate, on July 25, 2013.[1] McCoy complains that parole officers used excessive force against him to effectuate his arrest during his parole revocation hearing.[2] McCoy further complains that Cynthia Dillard, the Executive

---

[1] Although the Clerk of this court stamped the complaint "received" on August 30, 2013, it is clear that McCoy presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates McCoy executed the complaint on July 25, 2013. *Complaint - Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [McCoy] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers July 25, 2013 as the date of filing.

[2] McCoy identifies these officers as Keith Armagost, Kurt McCune, Curtis Forbus, officer McCurdy and officer Delgardo.

Director of the Alabama Board of Pardons and Paroles, placed false, insufficient and/or inaccurate information in his parole file on which members of the parole board relied to revoke his parole. McCoy seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the complaint, the court concludes that the Board of Pardons and Paroles, Cynthia Dillard and those claims challenging the revocation of parole are due to be dismissed summarily in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

## II. DISCUSSION

### A. The Board of Pardons and Paroles

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' [subject to suit] within the meaning of § 1983...." *Will v. Michigan Dept. of State*

---

[3]The court granted McCoy leave to proceed *in forma pauperis* in this case. *Order of September 4, 2013 - Doc. No. 3*. The complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989).  Any claims lodged against the Alabama Board of Pardons and Paroles are therefore frivolous, as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4] These claims are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Challenge to Parole Revocation

McCoy complains that he is improperly confined on a parole revocation decision issued by the Alabama Board of Pardons and Paroles. Specifically, McCoy alleges that Executive Director Dillard "presented false, insufficient and inaccurate information to the board regarding the charge of 'resisting arrest' [made by parole officers] ... [and] further presented false evidence of Plaintiff committing a new offense" on which members of the parole board relied in revoking his parole.  The claims presented to this court seeking relief from the revocation of parole are not cognizable in this cause of action.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of

---

[4]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [confinement]." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."

*Id*. at 649. The principles espoused in *Heck* and *Balisok* foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action apply to revocations and denials of parole. *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998) (parole revocation); *White v. Gittens*, 121 F.3d 803, 806-807 (7th Cir. 1997) (revocation of parole); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851, 116 S.Ct. 148 (1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole).

The present allegations regarding deficiencies in the parole revocation process implicate the constitutionality of McCoy's current incarceration, as judgment in favor of McCoy on these claims would necessarily imply the invalidity of the decision to revoke his parole. It is clear from the complaint that the parole revocation from which McCoy's claims arise has not been invalidated in an appropriate proceeding. Consequently, any collateral attack under § 1983 on the revocation of parole is prohibited and subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.[5]

---

[5] It is likewise clear that McCoy would not be entitled to monetary damages from parole board members for actions related to the decision to revoke parole, as the Eleventh Circuit has long recognized that these individuals are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of*

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The claims against the Board of Pardons and Paroles be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  To the extent the plaintiff presents claims which challenge the constitutionality of the revocation of his parole by the Alabama Board of Pardons and Paroles, these claims be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

3.  As the plaintiff's claims against Cynthia Dillard relate to the parole board's decision to revoke parole, Dillard be DISMISSED as a defendant.

4.  The plaintiff's claim of excessive force lodged against defendants Armagost, McCune, Forbus, McCurdy and Delgardo be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before October 9, 2013, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the

---

*Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-1102 (5th Cir. 1974).  McCoy challenges actions which occurred during proceedings concerning the revocation of his parole.  Under these circumstances, the actions of parole board members are inextricably intertwined with their decision-making authority and they would therefore be absolutely immune from monetary damages for any claims McCoy might lodge against them.

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of September, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE