IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WARREN McCOY, #179302, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-627-WHA |
| ) | [WO] |
| ) | |
| KEITH ARMAGOST, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Warren McCoy ["McCoy"], an indigent state inmate. In the complaint, McCoy challenges actions taken against him during his arrest after a parole revocation proceeding on July 12, 2012.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by McCoy. The report and evidentiary materials refute the conclusory allegations presented by McCoy in the complaint. Specifically, the records filed by the defendants demonstrate that McCoy pled guilty to resisting arrest at a parole revocation hearing held on July 26, 2012, and that the only force used against him on July 12, 2012, resulted from his resisting arrest.[1]

In light of the foregoing, the court issued an order directing McCoy to file a response to the defendants' written report. *Order of January 9, 2014 - Doc. No. 24*. The order advised McCoy that

---

[1] At the July 26, 2012, parole revocation hearing, McCoy pled guilty to violating his parole by resisting arrest on July 12, 2012. *Defendants' Exhibit 1 - Doc. No. 22-1* at 46 ("Instead of complying and placing my hands behind my back I overreacted and resisted the arrest."). McCoy further "apologize[d] and ... beg[ged] for mercy" explaining that his behavior occurred because he thought he "was being railroaded." *Id*.

his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted McCoy for filing a response in compliance with the directives of this order expired on February 28, 2014. As of the present date, McCoy has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. McCoy is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, McCoy's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to the medical record documenting relevant treatment provided to McCoy, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of

inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before April 10, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE